| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br><br>DISTRICT OF UTAH – CENTRAL DIVISION | |
| HARRISON SLOAN,<br><br>              Plaintiff,<br><br>vs.<br><br>CEDAR RIDGE, INC., dba CEDAR RIDGE ACADEMY, NIELSON PROPERTY MANAGEMENT – ROOSEVELT, LLC, NIELSON PROPERTY MANAGEMENT – VERNAL, LLC, ROBERT NIELSON, PAMELA NIELSON, WESLEY NIELSON, CHRISTINE HAGGERTY, PATRICK SEAN HAGGERTY, JOSH MILLER, SHANE WHITING, and GEARY D. OAKES,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL JOSH MILLER'S TESTIMONY (ECF NO. 118)**<br><br>Case No. 2:14-cv-00426-EJF<br><br>Judge Evelyn J. Furse |

      Having read the briefing and heard oral argument on Mr. Sloan's Motion to Compel Josh Miller's Testimony About His Learning Disability and Payment of Attorney Fees (ECF NO. 118), the Court DENIES the Motion.

      Federal Rule of Civil Procedure 26(b) permits parties to

      obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

      As set forth in the Motion briefing, Mr. Sloan seeks to compel Mr. Miller to testify about a learning disorder he was diagnosed with over sixteen years ago.

Mr. Miller first claims that under HIPAA he does not have to respond to these questions. The Court disagrees. HIPAA governs third party disclosure of a person's health information. Nothing in HIPAA limits what the person himself may tell another about his health and does not create a privilege. *See United States v. Bek*, 493 F.3d 790, 801-802 (7th Cir. 2007).

Mr. Miller additionally claims the information sought is not relevant for discovery purposes and is not proportional. The Court agrees. Mr. Sloan has not articulated any basis to think Cedar Ridge had any knowledge of this diagnosis or that it had a duty, let alone a right, to inquire into Mr. Miller's previously diagnosed learning disabilities. Thus, the diagnosis has no relevance to the claims against Cedar Ridge.

As to Mr. Miller himself, the Complaint alleges Mr. Miller negligently performed his duties as Mr. Sloan's therapist, willfully and wantonly engaged in misconduct in the supervising of Geary Oakes, breached his fiduciary duty to Mr. Sloan, and Negligently Inflicted Emotional Distress on Mr. Sloan. Mr. Miller has not asserted a learning disability as a defense in this matter. Mr. Miller's performance of his duties, not whether he had a learning disability, will determine the claims as to him. Moreover, the information is quite remote in time, is of little importance in resolving the issues, and the burden on Mr. Miller's privacy outweighs its likely benefit to the litigation.

For these reasons, the Court finds the information sought irrelevant and disproportional and therefore denies the Motion.

DATED this 10th day of August, 2016.

BY THE COURT:

By _____

HON. EVELYN J. FURSE
United States Magistrate Judge